# Exhibit "A"

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | |
|---|---|
| **ANNETTE MARIE LEWIS DEBOUSE,** § | |
| § | |
| *Plaintiff,* § | |
| § | |
| **VS.** § | **CIVIL ACTION NO.** |
| § | _____ |
| **THC GLOBAL INC. and** § | |
| **GARY ALFRED SHERRER,** § | |
| § | |
| *Defendants.* § | |

## INDEX OF STATE COURT FILE

| 1. | 12-27-13 | Court's Docket Sheet |
|---|---|---|
| 2. | 12-27-13 | Plaintiff's Original Petition |
| 3. | 12-27-13 | Plaintiff's First Request for Production of Documents to Defendant THC Global Inc. |
| 4. | 12-27-13 | Plaintiff's First Written Interrogatories to Defendant THC Global Inc. |
| 5. | 12-27-13 | Plaintiff's Request for Admissions to Defendant THC Global Inc. |
| 6. | 12-27-13 | Plaintiff's Request for Disclosure to Defendant THC Global Inc. |
| 7. | 12-27-13 | Plaintiff's First Written Interrogatories to Defendant Gary Alfred Sherrer |
| 8. | 12-27-13 | Plaintiff's Request for Disclosure to Defendant Gary Alfred Sherrer |
| 9. | 12-27-13 | Plaintiff's Request for Admissions to Defendant Gary Alfred Sherrer |
| 10. | 12-27-13 | Plaintiff's First Request for Production of Documents to Defendant Gary Alfred Sherrer |
| 11. | 1-9-14 | Defendants' Original Answer (THC Global Inc. and Gary Alfred Sherrer |

# Exhibit 1

```
JIMSGTM8                TARRANT COUNTY DISTRICT CLERK'S OFFICE          Page:        1
                          ALL TRANSACTIONS FOR A CASE                  Date: 01/10/2014
                                                                       Time: 09:26
```

```
        Cause Number: 348-269834-13     Date Filed: 12/27/2013
  ANNETTE MARIE LEWIS DEBOUSE        | v |    THC GLOBAL INC. &
                                     | s |    GARY ALFRED SHERRER
        Cause of Action: INJURY OR DAMAGE, INVOLVING MOTOR VEHICLE
        Case Status·····: PENDING
```

| Filemark | Description | | Fee Total |
|---|---|---|---|
| 12/27/2013 | PLTF ORIG PETITION | NI | 269.00 |
| 12/27/2013 | COURT COST (PAID) trans #1 | Y | 269.00 |
| 12/27/2013 | CITATION CERT-ISSUED ON THC GLOBAL INC-On | N | 83.00 |
| 12/27/2013 | CITATION CERT-ISSUED ON GARY ALFRED SHERRER-On | N | 83.00 |
| 12/27/2013 | COURT COST (PAID) trans #4 | Y | 83.00 |
| 12/27/2013 | COURT COST (PAID) trans #3 | Y | 83.00 |
| 12/27/2013 | JURY FEE | N | 30.00 |
| 12/27/2013 | COURT COST (PAID) trans #7 | Y | 30.00 |
| 12/27/2013 | CIVIL CASE INFORMATION SHEET | UI | 0.00 |
| 12/27/2013 | PLTF'S 1ST REQ/PRODUCTION OF DOCS TO DEFENDANTS | I | 0.00 |
| 12/27/2013 | PLTF'S 1ST WRITTEN INTERROGATORIES TO DEFENDANTS | I | 0.00 |
| 12/27/2013 | PLTF'S REQ/ADMISSIONS TO DEFENDANTS | I | 0.00 |
| 12/27/2013 | PLTF'S REQ/DISCLOSURE TO DEFENDANTS | I | 0.00 |
| 12/27/2013 | PLTF'S 1ST WRITTEN INTERROGATORIES TO DEFENDANTS | I | 0.00 |
| 12/27/2013 | PLTF'S REQ/DISCLOSURE TO DEFENDANTS | I | 0.00 |
| 12/27/2013 | PLTF'S REQ/ADMISSIONS TO DEFENDANTS | I | 0.00 |
| 12/27/2013 | PLTF'S 1ST REQ/PRODUCTION OF DOCS TO DEFENDANTS | I | 0.00 |
| 01/09/2014 | DEFN'S ORIG ANSWER (THC GLOBAL INC) | NI | 30.00 |
| 01/09/2014 | COURT COST (PAID) trans #18 | Y | 30.00 |
| 01/09/2014 | E-FILE TRANSACTION FEE | N | 2.00 |
| 01/09/2014 | COURT COST (PAID) trans #20 | Y | 2.00 |

```
Total Number Of Records Printed:     21
```

# Exhibit 2

348  269834 17

CAUSE NO. _____

| | | |
|---|---|---|
| ANNETTE MARIE LEWIS DEBOUSE | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | TARRANT COUNTY, TEXAS |
| | § | |
| THC GLOBAL INC. | § | |
| AND GARY ALFRED SHERRER | § | 348 JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES **ANNETTE MARIE LEWIS DEBOUSE**, hereinafter referred to as Plaintiff complaining of **THC GLOBAL INC. AND GARY ALFRED SHERRER**, hereinafter referred to as Defendants, and would respectfully show the Court and Jury as follows:

#### I.

Discovery in this matter is intended to be conducted under Level 2 of Rule 190.1, T.R.C.P. because this suit involves only monetary relief totaling $100,000.00 or less, including court costs, prejudgment interest, and attorney fees. Plaintiff has served Defendant **THC GLOBAL INC. AND GARY ALFRED SHERRER** an integrate set of discovery pursuant to T.R.C.P. 1992.2 consisting of requests for disclosure, production and admissions, along with Interrogatories.

#### II.

Plaintiff **ANNETTE MARIE LEWIS DEBOUSE** is an individual residing in Arlington, Tarrant County, Texas. The last three digits of Plaintiff **ANNETTE MARIE LEWIS DEBOUSE** social security number are 491. The last three digits of Plaintiff's driver's license number are 817.

Defendant **GARY ALFRED SHERRER** is an individual residing in Aurora, Arapahoe County, Colorado and may be served with citation at 26900 E. Colfax Ave., Aurora, Colorado 80018.

Defendant **THC GLOBAL INC.** is a corporation, authorized to do business in the State of Colorado and has been served with citation by serving, via certified mail, its registered agent,

A CERTIFIED COPY
ATTEST: 1-10-14
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: _____
DEPUTY
Juanita Duran

KAY L. THIEMAN LITTLE, at 39353 E. 142nd Court, Hudson, Colorado 80642.

## III.

On or about November 22, 2013, ANNETTE MARIE LEWIS DEBOUSE (hereinafter "Plaintiff") was operating her 2000 BMW 323, northbound on SH 360 Freeway in Arlington, Tarrant County, Texas, in the center lane. On the Occasion in question, Defendant GARY ALFRED SHERRER was driving an 18-wheeler tractor-trailer while in the course and scope of his employment, which was owned by Defendant THC GLOBAL INC, also traveling northbound in the left lane at the 2400 block of SH 360 Freeway, in Arlington, Tarrant County, Texas. Both vehicles were traveling northbound in the three lane SH 360 Freeway, when suddenly and without warning the Defendant GARY ALFRED SHERRER swerved sharply over into the right lane, where he struck Plaintiff's vehicle on the left side, causing her to spin and be struck a second time by Defendant. Defendant GARY ALFRED SHERRER, failed to yield the right of way to oncoming traffic, made an unsafe lane change to the right and center lane, thus violently colliding into Plaintiff's vehicle. Defendant GARY ALFRED SHERRER was driving inattentively, failed to maintain a proper lookout for vehicles and traffic conditions in the occupied traffic lanes around him, failed to properly apply his brakes in at timely manner, and failed to take proper evasive actions to avoid a collision. The Defendant's negligence proximately caused this violent collision and resulting damages and severe bodily injuries to Plaintiff as hereinafter described.

## IV.

On the date of the accident, Defendant GARY ALFRED SHERRER owed Plaintiff a duty to operate his vehicle in a careful and lawful manner; but in violation of such duty, the Defendant did operate the vehicle in violation of various civil and criminal statutes of Texas, and in a negligent and careless manner, thus proximately causing and bringing about the collision in question.

## V.

On the date in question, Defendant GARY ALFRED SHERRER, was entrusted with the 18-wheeler tractor-trailer belonging to Defendant THC GLOBAL INC.   On November 22, 2013,

Defendant THC GLOBAL INC. entrusted the 18-wheeler tractor-trailer to Defendant GARY

ALFRED SHERRER, while in the course of his employment with THC GLOBAL INC., to drive in

Fort Worth, TARRANT COUNTY, Texas. Thereafter Defendant GARY ALFRED SHERRER

operated it with the knowledge, consent, and permission of Defendant THC GLOBAL INC.

Defendant THC GLOBAL INC. knew or should have know that at the time of the collision in

question, Defendant GARY ALFRED SHERRER lacked the experience necessary and/or was

irresponsible and incompetent to operate the 18-wheeler tractor-trailer.

### VI.

At the time and on the occasion in question and immediately prior thereto, Defendant THC

GLOBAL INC., acting by and through its agents, servants and employees, including, but not limited

to, Defendant GARY ALFRED SHERRER, owed Plaintiff a duty to operate the -18-wheeler

tractor-trailer in question in a careful and lawful manner; but in violation of such duty, the

Defendant GARY ALFRED SHERRER did operate the -18-wheeler tractor-trailer in violation of

various civil and criminal statues of Texas, and in a negligent and careless manner, thus proximately

causing and bringing about a collision with Plaintiff's vehicle.

### VII.

Plaintiff will show the Court that at the time and place of the collision hereinabove

described, the Defendant was guilty of the following acts of negligence, to-wit:

1.  Defendant GARY ALFRED SHERRER failed to keep such lookout as a person of ordinary prudence would have kept under the same or similar circumstances.

2.  Defendant GARY ALFRED SHERRER failed to yield the right of way to Plaintiff's vehicle on the occasion in question, thus causing this collision.

3.  Defendant GARY ALFRED SHERRER failed to maintain a proper lookout for vehicles and traffic conditions in the occupied traffic lanes around him, thus causing the collision in question.

4.      Defendant GARY ALFRED SHERRER made a dangerous lane change without yielding the right of way to Plaintiff's vehicle on the occasion in question.

5.      Defendant GARY ALFRED SHERRER failed to apply the brakes to his vehicle on the occasion in question, thus causing this collision.

6.      Defendant GARY ALFRED SHERRER failed to maintain proper control of his vehicle on the date of the occasion in question.

7.      Defendant GARY ALFRED SHERRER operated his vehicle without due regard for the rights, safety and welfare of others.

8.      Defendant GARY ALFRED SHERRER failed to take safe evasive action so as to avoid hitting Plaintiff's vehicle on the occasion in question.

9.      Defendant GARY ALFRED SHERRER failed to assure that the oncoming traffic lanes were clear before turning into Plaintiff's path of travel on the occasion in question.

One or more of the aforesaid allegations of negligence by said Defendant is in violation of Art. 6701(d), et seq. V.A.T.S., and thus constitutes negligence per se.

## VIII.

Plaintiff would show the Court that at the time and place of the collision hereinabove described, Defendant THC GLOBAL INC. was guilty of various acts and omission of negligence, including but not limited to the following, which negligence was a direct and proximate cause of the severe injuries and damages suffered by Plaintiff, as follows:

1.      Defendant THC GLOBAL INC. failed to ensure the safety of others by negligently entrusting the 18-wheeler tractor-trailer in question to Defendant GARY ALFRED SHERRER, who was not a safe vehicle driver and or operator on the occasion in question.

2.      Defendant THC GLOBAL INC. recklessly disregarded the rights, safety and well-being of others in entrusting its 18-wheeler tractor-trailer in question to a reckless driver.

3.      Defendant THC GLOBAL INC. failed to fully and completely perform a background check to determine Defendant GARY ALFRED SHERRER's competence to perform his assigned job duties.

4. Defendant THC GLOBAL INC. failed to provide proper and/or adequate training to Defendant GARY ALFRED SHERRER on the safe operation of the 18-wheeler tractor-trailer in question.

5. Defendant THC GLOBAL INC. failed to ascertain the complete training driving record of Defendant GARY ALFRED SHERRER, to ensure that he was a fit driver to operate the -18-wheeler tractor-trailer in question.

Plaintiff would show that said collision made the basis of this lawsuit resulted from the improper conduct of the Defendants. Each of these acts and/or omissions to act by the Defendants, whether taken singularly or in any combination, were negligence and constituted negligence and were each and all a proximate cause of the accident made the basis of this lawsuit and of the injuries and damages suffered by Plaintiff for which Plaintiff prays judgment.

## IX.

As a direct and proximate result of the aforesaid collision and such negligence and statutory violations by Defendants  THC GLOBAL INC. and GARY ALFRED SHERRER as stated herein, Plaintiff ANNETTE MARIE LEWIS DEBOUSE sustained and suffered personal injuries to her head, neck, bilateral shoulder, upper back, lower back, right elbow, and headaches. Some of such injuries are, in reasonable probability, permanent in nature. Plaintiff ANNETTE MARIE LEWIS DEBOUSE has been physically impaired, and in reasonable probability, will be physically impaired and permanently disabled, in the future, if not for the remainder of his natural life, for which Plaintiff ANNETTE MARIE LEWIS DEBOUSE now sues.

## X.

As a result of the nature and consequences of Plaintiff's injuries, caused by the negligent acts and/or omissions to act by the aforesaid Defendants, ANNETTE MARIE LEWIS DEBOUSE suffered great physical and mental pain, suffering, and anguish, and in all reasonable probability, will continue to suffer in this manner for a long time into the future, if not for the balance of their natural life, for which Plaintiff ANNETTE MARIE LEWIS DEBOUSE prays judgment for medical treatment that are usual, customary and necessary for such services in the North Texas

---

area.

## XI.

As a further result of Defendants' negligence, Plaintiff has sustained a total loss to her 2000 BMW 323 vehicle as a direct result of the motor vehicle collision in question, for which damage Plaintiff now sues.

All of the foregoing damages as alleged above are which are in excess of the minimal jurisdictional limits of this court.

## XII.

Plaintiff ANNETTE MARIE LEWIS DEBOUSE will further show that as direct result of the negligent acts and/or omissions to act aforesaid by Defendants, he was caused to incur reasonable and necessary medical treatment and expenses. These expenses were incurred for necessary care and treatment of the injuries resulting from the incident complained of. The charges were reasonable and were usual, customary and necessary for such services in the North Texas area. It is reasonably probable that they will continue to incur medical expenses in the future, for which Plaintiff prays for judgment.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that Defendants be cited to appear and answer herein, and that upon final trial, Plaintiff has judgment against Defendants for all damages proven, all of which are in excess of the minimal jurisdictional limits of this Court, for all costs of court, for prejudgment interest in accordance with the law and for interest on the judgment at the highest legal rate until the time the judgment is paid and for such other and further relief to which Plaintiff may show himself to be justly entitled.

**PLAINTIFF HEREBY RESPECTFULLY DEMANDS A TRIAL BY JURY ON ALL ISSUES HEREIN.**

Respectfully submitted,

**LAW OFFICES OF BARRY MARTINES**
2601 Airport Freeway, Suite 100
Fort Worth, Texas 76111
(817) 838-9900
(817) 838-9940 FAX

BARRY MARTINES
State Bar No. 13137550

ATTORNEY FOR PLAINTIFF

# LAW OFFICES OF
# BARRY MARTINES

2601 AIRPORT FREEWAY   SUITE 100   FORT WORTH, TEXAS 76111
(817) 838-9900   METRO (817) 654-9610   FAX (817) 838-9940

December 27, 2013

Tarrant County District Clerk
Attn: Civil Filing Desk
401 W. Belknap Street
Fort worth, Texas 76196

348  269834  13

RE:   *Annette Debouse vs. THC Global Inc. and Gary Alfred Sherrer*

Dear Court Clerk:

Enclosed please find an original and two copies of Plaintiff's Original Petition and my firm's check in the amount of $465.00 to cover the cost of (1) filing the petition, (2) issuance of one citation and; (3) the jury fee. Please file the original with the court, attached one filed marked copy to the citation and return the extra copy to the courier who is before you.

Please prepare a citation for Defendant THC Global Inc. and **attach the Plaintiff's Interrogatories, Request for Production, Request for Disclosure and Request for Admissions to the citations** to be served to its registered agent KAY L. THIEMAN LITTLE at 39353 E. 142nd Court, Hudson, CO 80642. Please prepare a second citation for Defendant Gary Alfred Sherrer and **attach the Plaintiff's Interrogatories, Request for Production, Request for Disclosure and Request for Admissions to the citation** to at his place of residency at 26900 E. Colfax Ave, Aurora, CO 80018. Service of process will be conducted, via certified mail on Defendant Kay L. Thieman Little and Defendant Gary Alfred Sherrer.

Please indicate on the citation that the citation is being served with **Plaintiff's Interrogatories, Plaintiff's Request for Production, Plaintiff's Request for Disclosure and Plaintiff's Request for Admissions to Defendant.**

Thank you in advance for your courteous cooperation. If you have any questions please do not hesitate to contact me.

Sincerely,

Diana Tijerina
Litigation Paralegal

/dt
Enclosures

# Exhibit 3

CAUSE NO. _____

$\overline{348}$ $\overline{269834}$ $\overline{13}$

| | | |
|---|---|---|
| ANNETTE MARIE LEWIS DEBOUSE | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | TARRANT COUNTY, TEXAS |
| | § | |
| THC GLOBAL INC. | § | |
| AND GARY ALFRED SHERRER | § | 348 JUDICIAL DISTRICT |

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT

**TO:   DEFENDANT THC GLOBAL INC.**

   Pursuant to Rule 196, Texas Rules of Civil Procedure, Plaintiff request that you file a Response to this Request for Production of Documents fifty (50) days after service hereof, and deliver to the attorney for Plaintiff or make available for copying or inspection during regular business hours at the office of attorney for Plaintiff, the following discoverable and relevant documents and other tangible items. Demand is made for the supplementation of your responses to these Requests for Production of Documents and Things for Inspection, Copying or Photographing, and Other Tangible Items, as is required by Rule 196, Texas Rules of Civil Procedure.

### DEFINITIONS

(a)   As used herein, the terms "you" and "your" shall mean Defendant **THC GLOBAL INC.**, and any attorneys who are acting or purporting to act for or on behalf of **THC GLOBAL INC.**

(b)   The term "document(s)" as used herein shall be deemed to include all original writings and all other written, printed, and pictorial matter of any kind or nature whatsoever, however produced or reproduced in whatever form maintained, and all identical and non-identical (for whatever reason) copies and prior drafts thereof, in the knowledge, possession, custody, or control of the Defendant and/or attorneys regardless of where located, and includes, but is not limited to, correspondence, transcriptions, tapes, notes from telephone conversations, agreements, contracts, records, tape recordings (whether or not transcribed), reports, memoranda, studies, summaries, minutes, notes, agenda, bulletins, diaries, logs, announcements, instructions, charts, manuals, brochures, schedules, computer data, telegrams, teletype, photographic matter, communications of any kind or nature whatsoever,

---

A CERTIFIED COPY
ATTEST: _____ 1-10-14
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: _____
DEPUTY
Juanita Duran

and any other such documents and tangible things. In all cases where originals and/or identical and/or non-identical copies and drafts are not available, document also means copies of such documents and any portions thereof.

(c)     The term "person" or "persons" means any legal entity inquired about, whether a natural person, partnership, association, joint venture, corporation or other form of legal entity.

(d)     A "Statement" or Statements" means (1) a written statement signed or otherwise adopted or approved by the person making it, or (2) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

(e)     "Plaintiffs' vehicle" shall mean the vehicle the Plaintiff was occupying, whether as a driver or a passenger and whether the owner of the vehicle or not, at the time of this motor vehicle accident occurring on or about November 22, 2013, in Arlington, Tarrant County, Texas.

## REQUEST FOR PRODUCTION OF DOCUMENTS

1.     A copy of the driver's license of the person or persons who are preparing these responses.

2.     A copy of the title to the 18-Wheeler tractor-trailer **GARY ALFRED SHERRER** was driving at the time in question.

3.     A copy of any and all damage appraisals or invoices for any and all repairs made of the 18-Wheeler tractor trailer **GARY ALFRED SHERRER** was driving at the time of and resulting from the collision in question; including any made by **SELECT ENERGY SERVICES'** insurance carrier.

4.     A copy of any and all documents, which pertains to any and all payments made on any and all property damages for any vehicles involved in the collision in question.

5.     A copy of any and all surveillance movies, videotapes, or photographs, which have been made of any and all Plaintiffs or any and all other person(s) with knowledge of relevant facts to this suit.

6.     A copy of any and all documents you have concerning any prior criminal convictions of any and all party's to this suit or any other person having knowledge of relevant facts.

7.     A copy of **GARY ALFRED SHERRER'S** complete driving record from the State of Texas, Department of Public Safety, or any other state, including copies of all correspondence involved in obtaining such record(s) and any documents **THC GLOBAL INC.** has which in any way pertain to **GARY ALFRED SHERRER'S** driver's license; in the alternative, and with respect to Texas only, please sign the attached Application for Copy of Driver Record.

8.    A copy of each and every medical record obtained by **THC GLOBAL INC.**, or any of **THC GLOBAL INC.'S** representatives, by way of a signed authorization, Depositions Upon Written Questions, Affidavit, or any other form relating to medical treatment received by Plaintiffs as a result of the accident in question.

9.    If consulting experts have been retained who are expected to testify, or whose mental impressions and opinions have been reviewed or relied upon by a testifying expert, provided a coy of all documents, tangible things, reports, models or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony, containing such expert's mental impressions and opinions.

10.   For any and all photograph or videotapes in your possession relating to the scene of the accident in question, please provide the original digital photographs by either electronic image, CD or 3 ½ inch floppy diskette. In the alternative, please provide these electronic photograph images by way of email to: diana@barrymartines.com.

11.   Produce any and all cellular telephone billing records, which would include the date of the accident, for any and all cellular telephones which were in **THC GLOBAL INC.'S** vehicle at the time of the accident in question.

12.   Produce any and all documents or records concerning all information of the cell phone(s) in **THC GLOBAL INC.'S** vehicle at the time of the collision, which reflect the name, address, and telephone number of the provider (on the date of the accident) of the phone services for said phone; the telephone number (on the date of the accident) for said phone; the account number for said phone on the date of the accident; the full name, address, and telephone number of the person in whose name said phone was listed on the date of the accident; and the full name, address, and telephone number of the person in whose name the phone services account (on the date of the accident) was listed.

13.   Any and all insurance agreements or policies under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment which may be rendered in this action or to indemnify or reimburse for payments made to satisfy the judgment, including but not limited to any liability insurance policy covering **THC GLOBAL INC.'S** vehicle and the automobile being driven by **GARY ALFRED SHERRER** at the time in question.

14.   The complete personnel file in regard to the driver, including all pre-employment background check information regarding the driver.

Respectfully submitted,

**LAW OFFICES OF BARRY MARTINES**
2601 Airport Freeway, Suite 100
Fort Worth, Texas 76111
(817) 838-9900
(817) 838-9940 FAX

BARRY MARTINES
State Bar No. 13137550

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I, BARRY MARTINES, do hereby certify that a true and correct copy of the above and foregoing document was attached to Plaintiffs Original Petition and was served upon Defendant **THC GLOBAL INC.** pursuant to the Texas Rules of Civil Procedure.

BARRY MARTINES

# Exhibit 4

CAUSE NO. **348  269834 13**

| | | |
|---|---|---|
| ANNETTE MARIE LEWIS DEBOUSE | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | TARRANT COUNTY, TEXAS |
| | § | |
| THC GLOBAL INC. | § | 348 JUDICIAL DISTRICT |
| AND GARY ALFRED SHERRER | § | |

### PLAINTIFFS' FIRST WRITTEN INTERROGATORIES TO DEFENDANT

**TO:   DEFENDANT THC GLOBAL INC.**

In accordance with and pursuant to Rule 197 of the Texas Rules of Civil Procedure, the Plaintiff has furnished the following Interrogatories to the Defendant herein, which Interrogatories, in compliance with such Rule, shall be answered separately and fully, in writing and under oath. The answers shall be signed and verified by the Defendant and the Defendant shall serve a copy of the Response upon Plaintiff's Attorney fifty (50) days from the date of service, unless the Court, on Motion and Notice for good cause shown, expands or shortens the time. Plaintiffs also require that you continue to supplement your response to these Interrogatories pursuant to Texas Rule of Civil Procedure 193.5.

### DEFINITIONS

(a)   As used herein, the terms "you" and "your" shall mean Defendant **THC GLOBAL INC.,** and any attorneys, who are acting or purporting to act for or on behalf of **THC GLOBAL INC.**

(b)   The term "document(s)" as used herein shall be deemed to include all original writings and all other written, printed, and pictorial matter of any kind or nature whatsoever, however produced or reproduced in whatever form maintained, and all identical and non-identical (for whatever reason) copies and prior drafts thereof, in the knowledge, possession, custody, or control of the Defendant and/or attorneys regardless of where located, and includes, but is not limited to, correspondence, transcriptions, tapes, notes from telephone conversations, agreements, contracts, records, tape recordings (whether or not transcribed), reports, memoranda, studies, summaries, minutes, notes, agenda, bulletins, diaries, logs, announcements, instructions, charts, manuals, brochures, schedules, computer data, telegrams, teletype, photographic matter, communications of any kind or nature whatsoever, and any other such documents and tangible things. In all cases where originals and/or identical and/or non-identical copies and drafts are not available, document also means copies of such documents and any portions thereof.

(c)   The term "person" shall include individuals, associations, partnerships, corporations, and other type of entity or institution, whether formed for business purposes or any other purposes.

A CERTIFIED COPY
ATTEST: 1-10-14
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY:
DEPUTY
Juanita Duran

(d)     The term "defect" means any condition that would render the product unreasonably dangerous or unfit for its intended purpose and use.

(e)     A "statement" or "statements" means (1) a written statement signed or otherwise adopted or approved by the person making it, or (2) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

(f)     "Plaintiff's vehicle" shall mean the vehicle the Plaintiffs were occupying, whether as a driver or a passenger and whether the owner of the vehicle or not, at the time of this motor vehicle accident occurring on or about November 22, 2013, in Arlington, Tarrant County, Texas.

## INTERROGATORIES

1.     Please identify yourself and each person either participating in the preparation of the answers to these interrogatories or supplying information used in such preparation, including, but not limited to, such persons' occupation.

ANSWER:

2.     If you are a corporation, please identify yourself and include the type and nature of all business performed, the names and present addresses of all officers and when the corporation was licensed to do business in this State.

ANSWER:

3.     If on the date of this accident, there was in effect any policy or policies of insurance, either automobile, homeowner's comprehensive, liability, farm liability, so-called "umbrella" or excess policies or any other type of liability policy or co-insurance coverage by or through which you were or may be insured or covered in any manner or to any extent for any cause of action for the injuries or damages claimed against you in the above-entitled action, please state separately for each: the name of the company issuing each of said policies of insurance, the name and type and number of each of said policies of insurance, the name or names of the insured under each of said policies of insurance, and the limits of liability of each insurance policy.

ANSWER:

4.     Please list all motor vehicle or traffic accidents involving a land or motor vehicle of any type, whether in reference to another motor vehicle or not, in which **THC GLOBAL INC.** was involved within the past ten (10) years, stating the nature of the accident and the date and place of such accident.

ANSWER:

5.    Please list all motor vehicle or traffic accidents that the driver has been in, involving a   land or motor vehicle of any type, whether in reference to another motor vehicle or not, in which you were involved in the past ten (10) years stating the nature of the accident  and the date and place of the accident.

ANSWER:

6.    Please state what background measures you took to determine the driving record and fitness of the driver prior to his employment with you, including but not limited to any traffic violations, criminal offenses and motor vehicle collisions or incidents with which the driver had been charged and their disposition.

ANSWER:

7.    Please identify the owner or owners of the 18-wheeler tractor-trailer **GARY ALFRED SHERRER** was driving at the time of the occasion in question and your relationship to him/her.

ANSWER:

8.    As to any damage done to the 18-wheeler tractor-trailer which **GARY ALFRED SHERRER** was operating at the time of this accident, please state:  whether the 18-wheeler tractor-trailer has been repaired or estimates made and identify the party making the repairs or estimates; if the 18-wheeler tractor-trailer has not been repaired, nor estimates made as to the damage to it, give an address where the 18-wheeler tractor-trailer may be inspected by the attorneys for Plaintiff; state whether any photographs were taken of the 18-wheeler tractor-trailer prior to the time it was repaired; and attach copies of the final repair bills and any estimates made of the damage to the 18-wheeler tractor-trailer and any photographs taken of the 18-wheeler tractor-trailer prior to the time it was repaired, or, in the alternative, indicate your willingness to allow Plaintiff to inspect and copy or photograph the same at Plaintiff's expense.

ANSWER:

9.    Please state where **GARY ALFRED SHERRER** had been just prior to the incident made the basis of this suit, where **GARY ALFRED SHERRER** was going and the purpose of the trip.

ANSWER:

10.    Did **GARY ALFRED SHERRER** consume any alcoholic beverages of any type, or any sedative, tranquilizer, or other drug, medicine, or pill during the forty-eight (48) hours immediately preceding the incident made the basis of this suit?  If so, state the quantity of alcohol or medication **GARY ALFRED SHERRER** had taken during the forty-eight (48)

hour period immediately preceding the accident in question.

ANSWER:

11.    Please state whether you, your attorney, or anyone acting on your behalf talked to, interviewed, or obtained statements in any form from any witnesses or alleged witnesses or any persons regarding any of the events or happening that occurred at the scene of the incident made the basis of this suit immediately before, at the time to whom it was given, who was present during the taking of such statement, and whether it was a written or oral statement.

ANSWER:

12.    If you, your attorney, or anyone acting on your behalf talked to, had any conversation with the Plaintiff concerning the occurrence, please identify who was present during any such conversation and exactly what was said by each, with an identification of who said what, including, but not limited to, statements between you and Plaintiff, between you and the police, between Plaintiff and the police, and any other statements by any person.

ANSWER:

13.    If **THC GLOBAL INC.** has ever been involved in any other legal action either as a Defendant or a Plaintiff, then please state the date and place each such action was filed, giving the name of the Court, the cause number, the name of the other party or parties involved, the number of such actions, the names of the attorneys representing each party, a description of the nature of each such action and the result of each such action.

ANSWER:

14.    If you are contending **GARY ALFRED SHERRER** was not at fault in causing the accident in question, please state each and every fact you are relying upon to support such contention.

ANSWER:

15.    If you or your attorneys know or have reason to believe that the company issuing any policy of insurance, which would protect **THC GLOBAL INC.** against the risk, sued hereon claims or intends to claim that it has some ground for denying the coverage provided by the policy, please state the nature and extent of the knowledge.

ANSWER:

Respectfully submitted,

LAW OFFICES OF BARRY MARTINES
2601 Airport Freeway, Suite 100
Fort Worth, Texas 76111
(817) 838-9900
(817) 838-9940 FAX

_____
BARRY MARTINES
State Bar No. 13137550

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I, BARRY MARTINES, do hereby certify that a true and correct copy of the above and foregoing document was attached to Plaintiff's Original Petition and served upon Defendant **THC GLOBAL INC.** pursuant to the Texas Rules of Civil Procedure.

_____
BARRY MARTINES

# Exhibit 5

CAUSE NO. **348  269834  13**

| | | |
|---|---|---|
| ANNETTE MARIE LEWIS DEBOUSE | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | TARRANT COUNTY, TEXAS |
| | § | |
| | § | |
| THC GLOBAL INC. | § | |
| AND GARY ALFRED SHERRER | § | 348 JUDICIAL DISTRICT |

## PLAINTIFF'S REQUEST FOR ADMISSIONS TO DEFENDANTS

**TO:   DEFENDANT THC GLOBAL INC.**

Under Rule 198, Texas Rules of Civil Procedure, you are hereby requested to

a.  Admit to the truth of each of the matters set forth in the requests herein.

b.  Make a written response, sign the same, swear to it, and deliver it to the attorney of record for the Plaintiff herein within fifty (50) days from the date of service hereof.

You are also instructed as follows:

a.  If you do not admit to the truth of the facts stated in the Request for Admission, you must specifically deny the same or set forth in detail the reasons why you cannot truthfully admit or deny such statements of fact.

b.  Each matter for which an admission is requested shall be deemed admitted unless your sworn response is served on the undersigned attorney during the period of time set forth hereinabove.

c.  If you deny a request and the Plaintiff thereafter proves the truth of such matter, you may be ordered to pay the cost of proof, including the Plaintiff's attorney fees.

d.  Your failure to respond as required by the Texas Rules of Civil Procedure to these requests within the time required may result in the entry of a judgment against you, the assessment of additional attorney fees against you, and other  sanctions of the Court.

## DEFINITIONS

(a)   As used herein, the terms "you" and "your" shall mean Defendant **THC GLOBAL INC.**, and any attorneys acting or purporting to act for or on behalf of **THC GLOBAL INC.**.

(b)   The term "document(s)" as used herein shall be deemed to include all original writings and all other written, printed, and pictorial matter of any kind or nature whatsoever, however

---

A CERTIFIED COPY
ATTEST: _1-16-14_
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: _____
DEPUTY
Juanita Duran

produced or reproduced in whatever form maintained, and all identical and non-identical (for whatever reason) copies and prior drafts thereof, in the knowledge, possession, custody, or control of the Defendant and/or attorneys regardless of where located, and includes, but is not limited to, correspondence, transcriptions, tapes, notes from telephone conversations, agreements, contracts, records, tape recordings (whether or not transcribed), reports, memoranda, studies, summaries, minutes, notes, agenda, bulletins, diaries, logs, announcements, instructions, charts, manuals, brochures, schedules, computer data, telegrams, teletype, photographic matter, communications of any kind or nature whatsoever, and any other such documents and tangible things. In all cases where originals and/or identical and/or non-identical copies and drafts are not available, document also means copies of such documents and any portions thereof.

(c)     The term "person" or "persons" means any legal entity inquired about, whether a natural person, partnership, association, joint venture, corporation or other form of legal entity.

(d)     "Plaintiff's vehicle" shall mean the vehicle the Plaintiff was occupying, whether as a driver or a passenger and whether the owner of the vehicle or not, at the time of this motor vehicle accident occurring on or about November 22, 2013, in Arlington, Tarrant County, Texas.

## REQUEST FOR ADMISSIONS

1.     Admit or deny that on November 22, 2013 Defendant, GARY ALFRED SHERRER was in the course and scope of employment with Defendant THC GLOBAL INC. while driving in Arlington, Tarrant County, Texas at the time of occurrence in question.

RESPONSE:

2.     Admit or deny that on November 22, 2013 Defendant, GARY ALFRED SHERRER was driving an 18-wheeler tractor trailer owned by you, while in the course and scope of his employment with Defendant THC GLOBAL INC.

RESPONSE:

3.     Admit or deny that on November 22, 2013, Defendant GARY ALFRED SHERRER was in the left lane while traveling northbound in the 2400 block of SH 360 Freeway in Arlington, Tarrant County, Texas.

RESPONSE:

4.     Admit or deny that on November 22, 2013 Plaintiff ANNETTE MARIE LEWIS DEBOUSE was driving a 2000 BMW 323 northbound in the center lane of the 2400 block of SH 360 Freeway in Arlington, Tarrant County, Texas.

RESPONSE:

5.   Admit or deny that GARY ALFRED SHERRER made an unsafe lane change when he collided with ANNETTE MARIE LEWIS DEBOUSE'S vehicle.

RESPONSE:

6.    Admit or deny that on November 22, 2013, Defendant GARY ALFRED SHERRER failed to yield the right of way when he collided with ANNETTE MARIE LEWIS DEBOUSE'S vehicle.

RESPONSE:

7.   Admit or deny that GARY ALFRED SHERRER violently collided with ANNETTE MARIE LEWIS DEBOUSE' vehicle, thus causing this collision, on the occasion in question.

RESPONSE:

8.   Admit or deny that you GARY ALFRED SHERRER did not see ANNETTE MARIE LEWIS DEBOUSE' vehicle until after the time of impact.

RESPONSE:

9.   Admit or deny that Plaintiff ANNETTE MARIE LEWIS DEBOUSE did not in any way proximately cause the accident on the collision in question.

RESPONSE:

10.  Admit or deny that Plaintiff ANNETTE MARIE LEWIS DEBOUSE sustained bodily injuries and damages as a direct result of the collision in question.

RESPONSE:

11.  Admit or deny that GARY ALFRED SHERRER failed to take safe evasive action so as to avoid the collision in question.

RESPONSE:

12.  Admit or deny that GARY ALFRED SHERRER failed to maintain proper control of the 18-wheeler tractor-trailer owned by Defendant THC GLOBAL INC. on the occasion in question.

RESPONSE:

13. Admit or deny that Defendant GARY ALFRED SHERRER was not capable' of safely operating your 18-wheeler tractor-trailer on the public streets and highways of Texas.

RESPONSE:

14. Admit or deny that GARY ALFRED SHERRER failed to maintain a proper lookout for oncoming traffic traveling in his immediate vicinity surrounding him at the time of the collision in question, which was the sole proximate cause of this collision in question.

RESPONSE:

15. Admit or deny that GARY ALFRED SHERRER has been convicted of a felony or misdemeanor involving moral turpitude within the past ten (10) year period.

RESPONSE:


Respectfully submitted,

**LAW OFFICES OF BARRY MARTINES**
2601 Airport Freeway, Suite 100
Arlington, Texas 76111
(817) 838-9900
(817) 838-9940 FAX


BARRY MARTINES
State Bar No. 13137550

ATTORNEY FOR PLAINTIFF


## CERTIFICATE OF SERVICE

I, BARRY MARTINES, do hereby certify that a true and correct copy of the above and foregoing document was attached to Plaintiff's Original Petition and served upon Defendant pursuant to the Texas Rules of Civil Procedure.


BARRY MARTINES

# Exhibit 6

CAUSE NO. **348  269834  13**

| | | |
|---|---|---|
| ANNETTE MARIE LEWIS DEBOUSE | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | TARRANT COUNTY, TEXAS |
| | § | |
| THC GLOBAL INC. | § | |
| AND GARY ALFRED SHERRER | § | 348 JUDICIAL DISTRICT |

## PLAINTIFFS' REQUEST FOR DISCLOSURE TO DEFENDANT

TO:   DEFENDANT THC GLOBAL INC.

NOW COMES ANNETTE MARIE LEWIS DEBOUSE Plaintiff herein, and pursuant to

Rule 194 of the Texas Rules of Civil Procedure, you are requested to disclose, within 50 days of

service of this request, the information or material described in Rule 194.2(a) through (l) to the

undersigned counsel of record for Plaintiffs, as follow:

**Rule 194.2**

(a)     the correct names of the parties to the lawsuit;

(b)     the name, address, and telephone number of any potential parties;

(c)     the legal theories and, in general, the factual bases of the responding party's claims or
defenses;

(d)     the amount and any method of calculating economic damages;

(e)     the name, address, and telephone number of persons having knowledge of relevant facts,
and a brief statement of each identified person's connection with the case;

(f)     for any testifying expert:

   (1)     the expert's name, address and telephone number;
   (2)     the subject matter on which the expert will testify;
   (3)     the general substance of the expert's mental impressions and opinions and a brief
   summary of the basis for them, or if the expert is not retained by, employed by, or
   otherwise subject to the control of the responding party, documents reflecting such
   information;

---

PLAINTIFF'S REQUEST FOR REQUEST FOR DISCLOSURE TO DEFENDANT          PAGE 1/3

A CERTIFIED COPY
ATTEST: 1-10-14
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY:
DEPUTY
Juanita Duran

(4)    if the expert is retained by, employed by or otherwise subject to the control of the responding party:

    (A)    all documents, tangible things, reports, models or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and

    (B)    the expert's current resume and bibliography;

(g)    any indemnity and insuring agreements described in Rule 192.3(f);

(h)    any settlement agreements described in Rule 192.3(g);

(i)    any witness statements described in Rule 192.3(h);

(j)    in a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills; and

(k)    in a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills obtained by the responding party by virtue of an authorization furnished by the requesting party.

(l)    The name, address, and telephone number of any person who may be designated as a responsible third party.

Respectfully submitted,

**LAW OFFICES OF BARRY MARTINES**
2601 Airport Freeway, Suite 100
Fort Worth, Texas 76111
(817) 838-9900
(817) 838-9940  FAX

BARRY MARTINES
State Bar No. 13137550

**ATTORNEY FOR PLAINTIFF**

---

PLAINTIFF'S REQUEST FOR DISCLOSURE TO DEFENDANT        PAGE 2/3

## CERTIFICATE OF SERVICE

I, BARRY MARTINES, do hereby certify that a true and correct copy of the above and foregoing document was attached to Plaintiffs Original Petition and was served upon Defendant pursuant to the Texas Rules of Civil Procedure.

BARRY MARTINES

# Exhibit 7

CAUSE NO. **348 269834 13**

| | | |
|---|---|---|
| ANNETTE MARIE LEWIS DEBOUSE | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | TARRANT COUNTY, TEXAS |
| | § | |
| THC GLOBAL INC. | § | |
| AND GARY ALFRED SHERRER | § | 348 JUDICIAL DISTRICT |

### PLAINTIFFS' FIRST WRITTEN INTERROGATORIES TO DEFENDANT

**TO:   DEFENDANT GARY ALFRED SHERRER**

In accordance with and pursuant to Rule 197 of the Texas Rules of Civil Procedure, the Plaintiff has furnished the following Interrogatories to the Defendant herein, which Interrogatories, in compliance with such Rule, shall be answered separately and fully, in writing and under oath. The answers shall be signed and verified by the Defendant and the Defendant shall serve a copy of the Response upon Plaintiff's Attorney fifty (50) days from the date of service, unless the Court, on Motion and Notice for good cause shown, expands or shortens the time. Plaintiffs also require that you continue to supplement your response to these Interrogatories pursuant to Texas Rule of Civil Procedure 193.5.

### DEFINITIONS

(a)   As used herein, the terms "you" and "your" shall mean Defendant **GARY ALFRED SHERRER,** and any attorneys, who are acting or purporting to act for or on behalf of **GARY ALFRED SHERRER.**

(b)   The term "document(s)" as used herein shall be deemed to include all original writings and all other written, printed, and pictorial matter of any kind or nature whatsoever, however produced or reproduced in whatever form maintained, and all identical and non-identical (for whatever reason) copies and prior drafts thereof, in the knowledge, possession, custody, or control of the Defendant and/or attorneys regardless of where located, and includes, but is not limited to, correspondence, transcriptions, tapes, notes from telephone conversations, agreements, contracts, records, tape recordings (whether or not transcribed), reports, memoranda, studies, summaries, minutes, notes, agenda, bulletins, diaries, logs, announcements, instructions, charts, manuals, brochures, schedules, computer data, telegrams, teletype, photographic matter, communications of any kind or nature whatsoever, and any other such documents and tangible things. In all cases where originals and/or identical and/or non-identical copies and drafts are not available, document also means copies of such documents and any portions thereof.

(c)   The term "person" shall include individuals, associations, partnerships, corporations, and other type of entity or institution, whether formed for business purposes or any other purposes.

---

PLAINTIFF'S FIRST WRITTEN INTERROGATORIES TO DEFENDANT

A CERTIFIED COPY
ATTEST: 1-10-14

THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY:
DEPUTY
Juanita Duran

PAGE 1/5

(d)    The term "defect" means any condition that would render the product unreasonably dangerous or unfit for its intended purpose and use.

(e)    A "statement" or "statements" means (1) a written statement signed or otherwise adopted or approved by the person making it, or (2) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

(f)    "Plaintiff's vehicle" shall mean the vehicle the Plaintiffs were occupying, whether as a driver or a passenger and whether the owner of the vehicle or not, at the time of this motor vehicle accident occurring on or about November 22, 2013, in Arlington, Tarrant County, Texas.

## INTERROGATORIES

1.    Please identify yourself and each person either participating in the preparation of the answers to these interrogatories or supplying information used in such preparation, including, but not limited to, such persons' occupation.

ANSWER:

2.    If you have or had in the past a driver's license, please give the State of Issuance, the driver's license number, any code restrictions thereon, and the dates and reasons for any suspensions.

ANSWER:

3.    Please list all violations of the motor vehicle or traffic laws or ordinances for which you have been charged, the date and place of such offense and the nature of the violations charged within the past ten (10) years.

ANSWER:

4.    Please list all motor vehicle or traffic accidents involving a land or motor vehicle of any type, whether in reference to another motor vehicle or not, in which you were involved within the past ten (10) years, stating the nature of the accident and the date and place of such accident.

ANSWER:

5.    Please state your business or occupation at the time of the incident made the basis of this suit and each business or occupation from that point up until the present date. Also, state the beginning and ending dates of such employment and the reason for leaving said job.

ANSWER:

6.   Please state in your own words, how the accident in question occurred, specifying, without limitation, speed, position, direction, and location of each vehicle involved during its approach to, at the time of and immediately after the collision; including the time of day and weather conditions.

ANSWER:

7.   Please identify the owner or owners of the 18-wheeler tractor-trailer you were driving at the time of the occasion in question and your relationship to him/her.

ANSWER:

8.   As to any damage done to the 18-wheeler tractor-trailer which you were operating at the time of this accident, please state:  whether the 18-wheeler tractor-trailer has been repaired or estimates made and identify the party making the repairs or estimates; if the 18-wheeler tractor-trailer has not been repaired, nor estimates made as to the damage to it, give an address where the 18-wheeler tractor-trailer may be inspected by the attorneys for Plaintiff; state whether any photographs were taken of the 18-wheeler tractor-trailer prior to the time it was repaired; and attach copies of the final repair bills and any estimates made of the damage to the 18-wheeler tractor-trailer and any photographs taken of the 18-wheeler tractor-trailer prior to the time it was repaired, or, in the alternative, indicate your willingness to allow Plaintiff to inspect and copy or photograph the same at Plaintiff's expense.

ANSWER:

9.   Please state where you had been just prior to the incident made the basis of this suit, where you were going and the purpose of the trip.

ANSWER:

10.   Did you consume any alcoholic beverages of any type, or any sedative, tranquilizer, or other drug, medicine, or pill during the forty-eight (48) hours immediately preceding the incident made the basis of this suit?  If so, state the quantity of alcohol or medication you had taken during the forty-eight (48) hour period immediately preceding the accident in question.

ANSWER:

11.   Please state whether you, your attorney, or anyone acting on your behalf talked to, interviewed, or obtained statements in any form from any witnesses or alleged witnesses or any persons regarding any of the events or happening that occurred at the scene of the incident made the basis of this suit immediately before, at the time to whom it was given, who was present during the taking of such statement, and whether it was a written or oral statement.

ANSWER:

12.     If you, your attorney, or anyone acting on your behalf talked to, had any conversation with
        the Plaintiff concerning the occurrence, please identify who was present during any such
        conversation and exactly what was said by each, with an identification of who said what,
        including, but not limited to, statements between you and Plaintiff, between you and the
        police, between Plaintiff and the police, and any other statements by any person.

ANSWER:

13.     If you have ever been involved in any other legal action either as a Defendant or a Plaintiff,
        then please state the date and place each such action was filed, giving the name of the Court,
        the cause number, the name of the other party or parties involved, the number of such
        actions, the names of the attorneys representing each party, a description of the nature of
        each such action and the result of each such action.

ANSWER:

14.     If you are contending you·were not at fault in causing the accident in question, please state
        each and every fact you are relying upon to support such contention.

ANSWER:

15.     If you or your attorneys know or have reason to believe that the company issuing any policy
        of insurance, which would protect you against the risk, sued hereon claims or intends to
        claim that it has some ground for denying the coverage provided by the policy, please state
        the nature and extent of the knowledge.

ANSWER:

                                        Respectfully submitted,


                                        LAW OFFICES OF BARRY MARTINES
                                        2601 Airport Freeway, Suite 100
                                        Fort Worth, Texas 76111
                                        (817) 838-9900
                                        (817) 838-9940 FAX


                                        _____
                                        BARRY MARTINES
                                        State Bar No. 13137550

                                        ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I, BARRY MARTINES, do hereby certify that a true and correct copy of the above and foregoing document was attached to Plaintiff's Original Petition and served upon Defendant **THC GLOBAL INC.** pursuant to the Texas Rules of Civil Procedure.

BARRY MARTINES

# Exhibit 8

CAUSE NO. **348 269 834 13**

| | | |
|---|---|---|
| ANNETTE MARIE LEWIS DEBOUSE | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | TARRANT COUNTY, TEXAS |
| | § | |
| THC GLOBAL INC. | § | |
| AND GARY ALFRED SHERRER | § | 348 JUDICIAL DISTRICT |

### PLAINTIFFS' REQUEST FOR DISCLOSURE TO DEFENDANT

**TO:   DEFENDANT GARY ALFRED SHERRER**

NOW COMES ANNETTE MARIE LEWIS DEBOUSE Plaintiff herein, and pursuant to Rule 194 of the Texas Rules of Civil Procedure, you are requested to disclose, within 50 days of service of this request, the information or material described in Rule 194.2(a) through (l) to the undersigned counsel of record for Plaintiff, as follow:

**Rule 194.2**

(a)   the correct names of the parties to the lawsuit;

(b)   the name, address, and telephone number of any potential parties;

(c)   the legal theories and, in general, the factual bases of the responding party's claims or defenses;

(d)   the amount and any method of calculating economic damages;

(e)   the name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case;

(f)   for any testifying expert:

    (1)   the expert's name, address and telephone number;
    (2)   the subject matter on which the expert will testify;
    (3)   the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to the control of the responding party, documents reflecting such information;

---

PLAINTIFF'S REQUEST FOR DISCLOSURE TO DEFENDANT     PAGE 1/3

A CERTIFIED COPY
ATTEST: 1-10-14
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY:
DEPUTY
Juanita Duran

(4)    if the expert is retained by, employed by or otherwise subject to the control of the responding party:

    (A)    all documents, tangible things, reports, models or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and

    (B)    the expert's current resume and bibliography;

(g)    any indemnity and insuring agreements described in Rule 192.3(f);

(h)    any settlement agreements described in Rule 192.3(g);

(i)    any witness statements described in Rule 192.3(h);

(j)    in a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills; and

(k)    in a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills obtained by the responding party by virtue of an authorization furnished by the requesting party.

(l)    The name, address, and telephone number of any person who may be designated as a responsible third party.


Respectfully submitted,

**LAW OFFICES OF BARRY MARTINES**
2601 Airport Freeway, Suite 100
Fort Worth, Texas 76111
(817) 838-9900
(817) 838-9940  FAX


BARRY MARTINES
State Bar No. 13137550

ATTORNEY FOR PLAINTIFF

---

## CERTIFICATE OF SERVICE

I, BARRY MARTINES, do hereby certify that a true and correct copy of the above and foregoing document was attached to Plaintiffs Original Petition and was served upon Defendant pursuant to the Texas Rules of Civil Procedure.

BARRY MARTINES

# Exhibit 9

CAUSE NO. **348 269834 13**

| | | |
|---|---|---|
| ANNETTE MARIE LEWIS DEBOUSE | § | IN THE DISTRICT COURT |
| VS. | § | TARRANT COUNTY, TEXAS |
| THC GLOBAL INC. | § | |
| AND GARY ALFRED SHERRER | § | 348 JUDICIAL DISTRICT |

## PLAINTIFF'S REQUEST FOR ADMISSIONS TO DEFENDANTS

**TO:   DEFENDANT GARY ALFRED SHERRER**

Under Rule 198, Texas Rules of Civil Procedure, you are hereby requested to:

a.  Admit to the truth of each of the matters set forth in the requests herein.

b.  Make a written response, sign the same, swear to it, and deliver it to the attorney of record for the Plaintiff herein within fifty (50) days from the date of service hereof.

You are also instructed as follows:

a.  If you do not admit to the truth of the facts stated in the Request for Admission, you must specifically deny the same or set forth in detail the reasons why you cannot truthfully admit or deny such statements of fact.

b.  Each matter for which an admission is requested shall be deemed admitted unless your sworn response is served on the undersigned attorney during the period of time set forth hereinabove.

c.  If you deny a request and the Plaintiff thereafter proves the truth of such matter, you may be ordered to pay the cost of proof, including the Plaintiff's attorney fees.

d.  Your failure to respond as required by the Texas Rules of Civil Procedure to these requests within the time required may result in the entry of a judgment against you, the assessment of additional attorney fees against you, and other sanctions of the Court.

## DEFINITIONS

(a)   As used herein, the terms "you" and "your" shall mean Defendant **GARY ALFRED SHERRER,** and any attorneys acting or purporting to act for or on behalf of **GARY ALFRED SHERRER.**

(b)   The term "document(s)" as used herein shall be deemed to include all original writings and

---

PLAINTIFF'S REQUEST FOR ADMISSIONS TO DEFENDANT

A CERTIFIED COPY
ATTEST: 1-10-14
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY
DEPUTY
Juanita Duran

PAGE 1/4

all other written, printed, and pictorial matter of any kind or nature whatsoever, however produced or reproduced in whatever form maintained, and all identical and non-identical (for whatever reason) copies and prior drafts thereof, in the knowledge, possession, custody, or control of the Defendant and/or attorneys regardless of where located, and includes, but is not limited to, correspondence, transcriptions, tapes, notes from telephone conversations, agreements, contracts, records, tape recordings (whether or not transcribed), reports, memoranda, studies, summaries, minutes, notes, agenda, bulletins, diaries, logs, announcements, instructions, charts, manuals, brochures, schedules, computer data, telegrams, teletype, photographic matter, communications of any kind or nature whatsoever, and any other such documents and tangible things. In all cases where originals and/or identical and/or non-identical copies and drafts are not available, document also means copies of such documents and any portions thereof.

(c)     The term "person" or "persons" means any legal entity inquired about, whether a natural person, partnership, association, joint venture, corporation or other form of legal entity.

(d)     "Plaintiff's vehicle" shall mean the vehicle the Plaintiff was occupying, whether as a driver or a passenger and whether the owner of the vehicle or not, at the time of this motor vehicle accident occurring on or about November 22, 2013, in Arlington, Tarrant County, Texas.

## REQUEST FOR ADMISSIONS

1.     Admit or deny that on November 22, 2013 you were in the course and scope of employment with Defendant THC GLOBAL INC. while driving in Arlington, Tarrant County, Texas at the time of occurrence in question.

       RESPONSE:

2.     Admit or deny that on November 22, 2013 you were driving an 18-wheeler tractor-trailer owned by THC GLOBAL INC., while in the course and scope of your employment with Defendant THC GLOBAL INC.

       RESPONSE:

3.     Admit or deny that on November 22, 2013, Defendant THC GLOBAL INC. granted you permission to operate its commercial tractor-trailer, in Arlington, Tarrant County, Texas.

       RESPONSE:

4.     Admit or deny that on November 22, 2013, you were driving a 2007 Kenworth tractor-trailer in the left lane while traveling northbound in the 2400 block of SH 360 Freeway in Arlington, Tarrant County, Texas.

RESPONSE:

5.    Admit or deny that you made an unsafe lane change when you collided with ANNETTE MARIE LEWIS DEBOUSE'S vehicle.

RESPONSE:

6.    Admit or deny that on November 22, 2013, you failed to yield the right of way when you collided with ANNETTE MARIE LEWIS DEBOUSE'S vehicle.

RESPONSE:

7.    Admit or deny that you violently collided with ANNETTE MARIE LEWIS DEBOUSE'S vehicle, thus causing this collision, on the occasion in question.

RESPONSE:

8.    Admit or deny that you did not see ANNETTE MARIE LEWIS DEBOUSE'S vehicle until after the time of impact.

RESPONSE:

9.    Admit or deny that Plaintiff ANNETTE MARIE LEWIS DEBOUSE did not in any way proximately cause the accident on the collision in question.

RESPONSE:

10.   Admit or deny that Plaintiff ANNETTE MARIE LEWIS DEBOUSE sustained bodily injuries and damages as a direct result of the collision in question.

RESPONSE:

11.   Admit or deny that you failed to take safe evasive action so as to avoid the collision in question.

RESPONSE:

12.   Admit or deny that you failed to maintain proper control of the 18-wheeler tractor-trailer owned by Defendant THC GLOBAL INC. on the occasion in question.

RESPONSE:

13.   Admit or deny that you were not capable of safely operating the 18-wheeler tractor-trailer owned by Defendant THC GLOBAL INC. on the public streets and highways of Texas.

RESPONSE:

14. Admit or deny that you failed to maintain a proper lookout for oncoming traffic traveling in his immediate vicinity surrounding him at the time of the collision in question, which was the sole proximate cause of this collision in question.

RESPONSE:

15. Admit or deny that you have been convicted of a felony or misdemeanor involving moral turpitude within the past ten (10) year period.

RESPONSE:

Respectfully submitted,

**LAW OFFICES OF BARRY MARTINES**
2601 Airport Freeway, Suite 100
Fort Worth, Texas 76111
(817) 838-9900
(817) 838-9940 FAX

BARRY MARTINES
State Bar No. 13137550

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I, BARRY MARTINES, do hereby certify that a true and correct copy of the above and foregoing document was attached to Plaintiff's Original Petition and served upon Defendant pursuant to the Texas Rules of Civil Procedure.

BARRY MARTINES

# Exhibit 10

CAUSE NO. __348__ __269 834 13__

| | | |
|---|---|---|
| ANNETTE MARIE LEWIS DEBOUSE | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | TARRANT COUNTY, TEXAS |
| | § | |
| THC GLOBAL INC. | § | |
| AND GARY ALFRED SHERRER | § | 348 JUDICIAL DISTRICT |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT

**TO: DEFENDANT GARY ALFRED SHERRER**

Pursuant to Rule 196, Texas Rules of Civil Procedure, Plaintiff request that you file a Response to this Request for Production of Documents fifty (50) days after service hereof, and deliver to the attorney for Plaintiff or make available for copying or inspection, during regular business hours at the office of attorney for Plaintiff, the following discoverable and relevant documents and other tangible items. Demand is made for the supplementation of your responses to these Requests for Production of Documents and Things for Inspection, Copying or Photographing, and Other Tangible Items, as is required by Rule 196, Texas Rules of Civil Procedure.

## DEFINITIONS

(a)   As used herein, the terms "you" and "your" shall mean Defendant **GARY ALFRED SHERRER**, and any attorneys who are acting or purporting to act for or on behalf of **GARY ALFRED SHERRER**.

(b)   The term "document(s)" as used herein shall be deemed to include all original writings and all other written, printed, and pictorial matter of any kind or nature whatsoever, however produced or reproduced in whatever form maintained, and all identical and non-identical (for whatever reason) copies and prior drafts thereof, in the knowledge, possession, custody, or control of the Defendant and/or attorneys regardless of where located, and includes, but is not limited to, correspondence, transcriptions, tapes, notes from telephone conversations, agreements, contracts, records, tape recordings (whether or not transcribed), reports, memoranda, studies, summaries, minutes, notes, agenda, bulletins, diaries, logs, announcements, instructions, charts, manuals, brochures, schedules, computer data, telegrams, teletype, photographic matter, communications of any kind or nature whatsoever,

CERTIFIED COPY
ATTEST: 12-23-14
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: _____
DEPUTY
Juanita Duran

and any other such documents and tangible things. In all cases where originals and/or identical and/or non-identical copies and drafts are not available, document also means copies of such documents and any portions thereof.

(c) The term "person" or "persons" means any legal entity inquired about, whether a natural person, partnership, association, joint venture, corporation or other form of legal entity.

(d) A "Statement" or Statements" means (1) a written statement signed or otherwise adopted or approved by the person making it, or (2) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

(e) "Plaintiffs' vehicle" shall mean the vehicle the Plaintiff was occupying, whether as a driver or a passenger and whether the owner of the vehicle or not, at the time of this motor vehicle accident occurring on or about November 22, 2013, in Arlington, Tarrant County, Texas.

## REQUEST FOR PRODUCTION OF DOCUMENTS

1. A copy of the driver's license of the person or persons who are preparing these responses.

2. A copy of the title to the vehicle **GARY ALFRED SHERRER** was driving at the time in question.

3. A copy of any and all damage appraisals or invoices for any and all repairs made of the vehicle **GARY ALFRED SHERRER** was driving at the time of and resulting from the collision in question; including any made by **GARY ALFRED SHERRER'** insurance carrier.

4. A copy of any and all documents, which pertains to any and all payments made on any and all property damages for any vehicles involved in the collision in question.

5. A copy of any and all surveillance movies, videotapes, or photographs, which have been made of any and all Plaintiffs or any and all other person(s) with knowledge of relevant facts to this suit.

6. A copy of any and all documents you have concerning any prior criminal convictions of any and all party's to this suit or any other person having knowledge of relevant facts.

7. A copy of **GARY ALFRED SHERRER'** complete driving record from the State of Texas, Department of Public Safety, or any other state, including copies of all correspondence involved in obtaining such record(s) and any documents **GARY ALFRED SHERRER** has which in any way pertain to **GARY ALFRED SHERRER'** driver's license; in the alternative, and with respect to Texas only, please sign the attached Application for Copy of Driver Record.

8.    A copy of each and every medical record obtained by **GARY ALFRED SHERRER**, or any of **GARY ALFRED SHERRER'** representatives, by way of a signed authorization, Depositions Upon Written Questions, Affidavit, or any other form relating to medical treatment received by Plaintiffs as a result of the accident in question.

9.    If consulting experts have been retained who are expected to testify, or whose mental impressions and opinions have been reviewed or relied upon by a testifying expert, provided a coy of all documents, tangible things, reports, models or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony, containing such expert's mental impressions and opinions.

10.   For any and all photograph or videotapes in your possession relating to the scene of the accident in question, please provide the original digital photographs by either electronic image, CD or 3 ½ inch floppy diskette. In the alternative, please provide these electronic photograph images by way of email to:  diana@barrymartines.com.

11.   Produce any and all cellular telephone billing records, which would include the date of the accident, for any and all cellular telephones which were in **GARY ALFRED SHERRER'S** vehicle at the time of the accident in question.

12.   Produce any and all documents or records concerning all information of the cell phone(s) in **GARY ALFRED SHERRER'S** vehicle at the time of the collision, which reflect the name, address, and telephone number of the provider (on the date of the accident) of the phone services for said phone; the telephone number (on the date of the accident) for said phone; the account number for said phone on the date of the accident; the full name, address, and telephone number of the person in whose name said phone was listed on the date of the accident; and the full name, address, and telephone number of the person in whose name the phone services account (on the date of the accident) was listed.

13.   Any and all insurance agreements or policies under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment which may be rendered in this action or to indemnify or reimburse for payments made to satisfy the judgment, including but not limited to any liability insurance policy covering **GARY ALFRED SHERRER'S** vehicle and the automobile being driven by **GARY ALFRED SHERRER** at the time in question.

14.   The complete personnel file in regard to your employment with THC Global Inc., including all pre-employment background check information.

Respectfully submitted,

**LAW OFFICES OF BARRY MARTINES**
2601 Airport Freeway, Suite 100
Fort Worth, Texas 76111
(817) 838-9900
(817) 838-9940 FAX

BARRY MARTINES
State Bar No. 13137550

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I, BARRY MARTINES, do hereby certify that a true and correct copy of the above and foregoing document was attached to Plaintiffs Original Petition and was served upon Defendant **GARY ALFRED SHERRER** pursuant to the Texas Rules of Civil Procedure.

BARRY MARTINES

# Exhibit 11

348-269834-13

FILED
TARRANT COUNTY
1/9/2014 9:08:51 AM
THOMAS A. WILDER
DISTRICT CLERK

## CAUSE NO. 348-269834-13

| | | |
|---|---|---|
| **ANNETTE MARIE LEWIS DEBOUSE,** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § | |
| | § | |
| **VS.** | § | |
| | § | **TARRANT COUNTY, TEXAS** |
| **THC GLOBAL INC. and** | § | |
| **GARY ALFRED SHERRER,** | § | |
| | § | |
| *Defendants.* | § | **348ᵀᴴ JUDICIAL DISTRICT** |

### DEFENDANTS' ORIGINAL ANSWER

**TO THE HONORABLE JUDGE OF SAID COURT:**

    **COME NOW,** THC Global Inc. and Gary Alfred Sherrer, Defendants herein, and file this Original Answer to Plaintiff's Original Petition, and in support thereof would respectfully show unto this Honorable Court as follows:

### I.
### GENERAL DENIAL

    Defendants deny each and every, all and singular, the allegations contained in Plaintiff's Original Petition, and any amendments or supplements thereto, and demand strict proof thereof as authorized by Texas Rule of Civil Procedure 92.

### II.
### AFFIRMATIVE DEFENSES

    Defendants hereby assert the following affirmative defenses and would show that the damages, or liabilities of which Plaintiff complains, if any exist, are the result, in whole or in part, of the following:

1.    <u>Pre-existing Conditions</u>.  Defendants would show that any injuries, damages or liabilities complained of by Plaintiff herein are the result, in whole or in part, of pre-existing conditions, injuries, diseases, and disabilities and not the result of any act or omission on the part of Defendants.

A CERTIFIED COPY
ATTEST: *1-10-14*

THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: _____
DEPUTY
*Juanita Duran*

**DEFENDANTS' ORIGINAL ANSWER**
# 1727251

Page 1/₃

FILED
TARRANT COUNTY
1/9/2014 9:08:51 AM
THOMAS A. WILDER
DISTRICT CLERK

348-269834-13

2.   <u>Subsequent Conditions</u>.   Defendants would further show that any injuries, damages, or liabilities complained of by Plaintiff herein are the result, in whole or in part, of subsequent conditions, injuries, diseases, and disabilities and not the result of any act or omission on the part of Defendants.

3.   <u>Unreasonable & Excessive Treatment & Expenses</u>.   Defendants would further show that the medical treatment claimed by Plaintiff was excessive and unnecessary and that the medical expenses claimed were unreasonable and unnecessary and were not proximately caused by any act and/or omission by Defendants.

4.   <u>Paid or Incurred Medical Expenses</u>.   Defendants would further show that Plaintiff's medical expenses should be limited to those actually paid or incurred by or on behalf of the claimant pursuant to Texas Civil Practice & Remedies Code §41.0105 and *Haygood v. De Escabedo*, 2011 WL 2601363 (Tex. 2011).

## III.
## JURY DEMAND

Defendants, by and through their undersigned counsel, and pursuant to TEX. R. CIV. P. 216, demand a trial by jury.

## IV.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Defendants pray that upon final hearing hereof, Plaintiff takes nothing by way of her cause of action herein, that Defendants recover their costs herein expended and for such other and further relief, at law or in equity, to which Defendants may show themselves justly entitled to receive.

348-269834-13

FILED
TARRANT COUNTY
1/9/2014 9:08:51 AM
THOMAS A. WILDER
DISTRICT CLERK

Respectfully submitted,

**HERMES SARGENT BATES, L.L.P.**

By: _____/s/ Colleen McCoy_____
    **ADAM B. REED**
    State Bar No. 24002811
    **COLLEEN MCCOY**
    State Bar No. 24027492

901 Main Street, Suite 5200
Dallas, Texas  75202
(214) 749-6000
(214) 749-6100 (fax)
*adam.reed@hsblaw.com*
*colleen.mccoy@hsblaw.com*

**ATTORNEYS FOR DEFENDANTS
THC GLOBAL INC and GARY ALFRED
SHERRER**

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 9th day of January, 2014, a true and correct copy of

the foregoing document was forwarded certified mail, return receipt requested to:

Barry Martines
Law Offices of Barry Martines
2601 Airport Freeway, Suite 100
Fort Worth, Texas 76111

_____/s/ Colleen McCoy_____
**COLLEEN MCCOY**